IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMY RODENBERG,

                     Plaintiff,                      ORDER

v.

                                                  13-cv-365-jdp

NANCY BERRYHILL
Acting Commissioner of
Social Security,

                     Defendant.

---

      Counsel for plaintiff Amy Rodenberg, Dana Duncan, seeks attorney fees under 42 U.S.C. § 406(b) in this case for Social Security disability benefits. Section 406(b) allows the court to award a prevailing plaintiff's attorney a reasonable fee, but no greater than 25 percent of past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). *See also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the [contingency-fee] contract so long as the court has reviewed its reasonableness.").

      One of the important factors in assessing the reasonableness of the request is the amount of time counsel spent on the case at the district court level. *Gisbrecht*, 535 U.S. at 808. In this case, the court stayed a decision on Duncan's request because there was there was a discrepancy between the number of hours Duncan claimed in his brief (approximately 45 hours) and the hours he claimed on his time sheet (32 hours), making it impossible for the court to assess the reasonableness of counsel's request. The court gave Duncan an opportunity to file supplemental materials to provide clarification. Dkt. 51.

      In response, Duncan has filed a motion to amend his request for fees in which he admits that both his brief *and* his time sheet were incorrect. Dkt. 52. Duncan now says that the correct

figure is 39.4 hours. Duncan apologizes for the error and "assur[es] the Court that every effort is being made to insurance [sic] ongoing accuracy." *Id.* at 1. But he also says that he "is unsure where the error occurred" and he fails to identify any additional steps he will take to prevent future errors. *Id.* at 2.

Occasional mistakes of this kind are to be expected. If this were the first, second, or third time that Duncan had made a similar administrative error, the court likely would accept the amended submission and award fees without further comment. But as Duncan well knows, he has a long history in this court of making similar errors, despite numerous warnings and even sanctions imposed by the court. Because it appears that something more than an admonishment is necessary to improve Duncan's filings, the court will grant his motion to amend but deny his request for fees without prejudice. If Duncan wishes to obtain fees in this case, he will have to file a new motion in which he identifies specific steps he will take in the future to ensure the accuracy of his filings.

ORDER

IT IS ORDERED that Dana Duncan's motion for leave to amend his fee request, Dkt. 52, is GRANTED, and his motion for attorney fees under 42 U.S.C. § 406(b), is DENIED without prejudice. Duncan may renew his motion for fees as described in this order.

Entered March 14, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge